UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | 18-CR-457(AMD) |
| | : | U.S. Courthouse<br>Brooklyn, New York |
| -against- | : | TRANSCRIPT OF<br>STATUS CONFERENCE |
| HUAWEI TECHNOLOGIES CO., LTD. ET AL, | : | June 19, 2019<br>11:30 a.m. |
| Defendants. | : | |

- - - - - - - - - - - - - - X

BEFORE:

HONORABLE ANN M. DONNELLY, U.S.D.J.

APPEARANCES:

For the Government: RICHARD DONOGHUE, ESQ.
United States Attorney
271 Cadman Plaza East
Brooklyn, New York 11201
BY: ALEXANDER A. SOLOMON, ESQ.
DAVID K. KESSLER, ESQ.
JULIA NESTOR, ESQ.
KAITLIN T. FARRELL, ESQ.
SARAH EVANS, ESQ.
CHRISTIAN NAUVEL, ESQ.
THEA KENDLER, ESQ.
Assistant U.S. Attorneys

For the Defendants: SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
BY: JAMES M. COLE, ESQ.
MICHAEL A. LEVY, ESQ.

JENNER & BLOCK LLP
1099 New York Ave NW
Washington, DC 20001
BY: DAVID BITKOWER, ESQ.

Court Reporter: Holly Driscoll, CSR, FCRR
Chief Court Reporter
225 Cadman Plaza East
Brooklyn, New York 11201
(718) 613-2274

Proceedings recorded by mechanical stenography, transcript produced by Computer-Assisted Transcript.

* * *

THE COURTROOM DEPUTY: All rise.

THE COURT: Hi. Everybody can sit down.

Are you all going to talk?

MR. SOLOMON: Simultaneously.

THE COURTROOM DEPUTY: This is criminal cause for a status conference, docket number 18-CR-457, USA versus Huawei Technologies, et al.

Counsel, state your appearance, government first.

MR. SOLOMON: Good morning, Your Honor, Alex Solomon for the government and, indicating everyone in a clockwise manner, Julia Nestor, Kaitlin Farrell, Christian Nauvel, Sarah Evans, Thea Kendler, David Kessler and I messed up the order slightly. We're all from the DOJ. Good morning, Your Honor.

THE COURT: Okay.

MR. COLE: Good morning, Your Honor, James Cole on behalf of Huawei and with me at the defense table is David Bitkower and Michael Levy.

THE COURT: Hi. So, we have just a couple of things to do today. I'm just going to start with the motion for the bill of particulars. I think there was a production recently, I just think we need to set a new deadline for that. Do you have a suggestion?

MR. COLE: Yes, Your Honor, we discussed that with the government and we think that that should trail the discovery because it really doesn't make sense to start a bill of particulars until we know what's in the discovery and have some sense of what we need to really ask for. So, we'd like to trail it indefinitely until there's a substantial compliance with discovery and then we can confer again.

THE COURT: Do you have any thoughts?

MR. SOLOMON: We agree with that. We discussed with defense counsel that the discovery is a process that has basically just started. Your Honor authorized the protective order on the 10th of June. Since that date we produced well more than 700,000 pages of discovery. We're going to continue at a good clip. Our thought is let's assess where we are at a status conference two or three months down the road.

THE COURT: So, do you want me to adjourn it without

a deadline or do you want me to give you a deadline for the next status conference?

MR. COLE: I think the preference would be adjourn it without a deadline, then we'll confer again once discovery is had. Obviously they've given us a volume of discovery, we're not sure how much more volume there is. That's difficult for them to define so...

THE COURT: All right. Well, there was a stipulated protective order that I signed on June 10th. All right. So, I guess the next thing to do is to give you a schedule for responding now that the government has filed the version of the motion that's -- I directed them to lift some of the redactions. So, I think the next thing to do is to give you a deadline to oppose it. I mean I suppose there's always the possibility that you'll agree that you should not be on the case but I'm going to assume you're not going to feel that way so.

MR. COLE: Well, Your Honor, we've discussed with the government a schedule for this. I would like an opportunity to address with Your Honor the reasons why I stated what I stated in my declaration. That's obviously not going to be able to be done in open court, so I wanted to get a sense from Your Honor as to how you would prefer that, whether it's in writing or part of an oral presentation with an opportunity to ask questions which I think would, in my

view, be probably more efficient and effective and we can figure out a time to do that.

The government and we have talked about a date for our response being July 19th, a date for their reply being two weeks after that and then scheduling a hearing which probably is going to be kind of a mixed hearing, some open, some closed, some closed with just me and without the other counsel.

MR. SOLOMON: That's correct, Your Honor, and I think we were contemplating some sort of hearing/oral argument partially classified, partially unclassified sometime in August. I think, based on the travel schedules, we were discussing perhaps late August. Obviously we're not aware of the Court's availability during that time.

THE COURT: I know this will shock you, I might take a vacation at some point but we can figure out a date. It may have to be after Labor Day for the argument. I'm around, I have a couple of trials scheduled and I am going to be away the last part of the month. So, does that --

MR. COLE: I think that sounds reasonable, Your Honor.

THE COURT: All right. Give me just a second.

(Pause while the Court confers with the law clerk.)

THE COURT: I'm trying to convince my clerk to stay past her time of leaving so she can -- we had in mind a

schedule that would accommodate her but I understand the parties' positions.

So, the opposition will be, what did you say, July 19?

MR. COLE: That's correct, Your Honor.

THE COURT: And was it two weeks from that?

MR. SOLOMON: That would be August 2nd, Your Honor.

THE COURT: Okay. And let me just confer with Ms. Greene about our schedule.

(Pause while the Court confers with the courtroom deputy.)

THE COURT: Wednesday the 4th, is that okay with you all?

MR. SOLOMON: Yes, Your Honor.

THE COURT: That will be for some kind of an oral argument.

MR. COLE: Whatever nature or shape it may take.

THE COURT: At 10:30, is that okay?

MR. SOLOMON: Yes, Your Honor.

THE COURT: September 4th at 10:30, that will be something, all right.

I don't know that we have a whole lot more to discuss.

MR. COLE: My list is I think finished.

MR. SOLOMON: I think I had three additional

matters, Your Honor, all of them are relatively small.

The first one was just noting for the record we have filed our CIPA 2 motion and, as we indicated in the motion, we're seeking a CIPA 2 status conference after the Court adjudicates our motion to disqualify.

THE COURT: Yes.

MR. SOLOMON: Secondly, although we do have a stipulated protective order, there are some outstanding issues that may require judicial attention. One of the issues potentially requiring judicial attention is the defense desire to share certain discovery materials with Cathy Meng who is in extradition proceedings in Canada. We're attempting to resolve that in good faith. If we're unable to, we'll address the Court.

THE COURT: All right.

MR. SOLOMON: Finally, we'd obviously ask for a status conference and seek to exclude time.

THE COURT: Well, I was going to exclude the time. Let me just make sure that there's nothing else that we have to ask.

(Pause while the Court confers with the law clerk.)

THE COURT: Maybe I've missed this, I think Skycom was supposed to be arraigned in May, have they been arraigned?

MR. SOLOMON: No, we have been unable to serve them.

THE COURT: Okay.

Do you want to make the next conference date the date of that oral argument?

MR. SOLOMON: I think, given travel schedules, that probably makes the most sense.

THE COURT: Okay. So, this case is going to be adjourned until that September 4th date. That time is excludable in the interests of justice. I think I designated this a complex case already.

MR. SOLOMON: That's correct, Your Honor.

THE COURT: Due to the complexities of the case and given the outstanding matters that have to be decided.

Is there anything else that anybody wants to put on the record?

MR. SOLOMON: No, thank you, Your Honor.

MR. COLE: Nothing here, Your Honor.

THE COURT: Okay. All right.

Thanks so much, everybody.

MR. LEVY: Thank you, Your Honor.

(Time noted: 11:45 a.m.)

(Continued on next page.)