

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS:JN/DKK/SME/MAA
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 23, 2021

By Hand

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    United States v. Wanzhou Meng
                 Criminal Docket No. 18-457 (S-3) (AMD)

Dear Judge Donnelly:

      The government respectfully submits this letter to request, on behalf of the government and the defendant Wanzhou Meng, that an appearance before this Court be scheduled at 1:00 p.m. on Friday, September 24, 2021, to address with this Court a resolution of the charges against Meng. The government anticipates that, at that appearance, Meng will be arraigned on the four charges against her in the third superseding indictment in the above-referenced matter, and agree to an exclusion of time under the Speedy Trial Act until December 1, 2022, pursuant to a deferred prosecution agreement ("DPA") between the government and Meng.

      By way of background, Meng is the Chief Financial Officer of Huawei Technologies Co., Ltd. ("Huawei"). In August 2018, Meng was charged with conspiracy to commit bank fraud, conspiracy to commit wire fraud, bank fraud and wire fraud. (See ECF No. 25). The charges relate to her alleged participation in a conspiracy to misrepresent the nature of Huawei's business in Iran—including its control of Skycom, a company that functioned as Huawei's Iran-based subsidiary—to global financial institutions. As part of that conspiracy, Meng is alleged to have made false statements to a senior executive of a global financial institution ("Financial Institution 1") in August 2013 in order to deceive Financial Institution 1 and ensure that Financial Institution 1 would continue its banking relationship with Huawei and its subsidiaries and affiliates. (Id. ¶¶ 21-23). On or about December 1, 2018, Meng was arrested in Canada pursuant to a request from the government, and the government has been seeking her extradition from Canada since that arrest. In February 2020, Meng was charged in a third superseding indictment with the same crimes described above. (See ECF No. 126 ¶¶ 76-79).

      The government respectfully submits that the court appearance addressing the charges against Meng should proceed as follows:

First, Meng will consent to appear by video from the office of her attorney Richard C.C. Peck, Q.C., in Vancouver, Canada. The government respectfully submits that Meng should be allowed to appear by video consistent with Rule 10(c) of the Federal Rules of Criminal Procedure, as well as the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281, and Administrative Order No. 2021-05-02 of the United States District Court for the Eastern District of New York, in light of the ongoing COVID-19 pandemic. See, e.g., United States v. Jo, 21-CR-05 (S.D. Oh.) (Mar. 14, 2021), ECF No. 13 (arraignment by video conference of defendant located in South Korea). An attorney for Meng, Michelle L. Levin, Esq., will enter a notice of appearance and be present in the courtroom, as will the attorneys for the government. The government respectfully requests that the Court arrange for a court-certified Mandarin interpreter to be present and sworn by the Court at the beginning of the proceeding.

Second, because this is Meng's first appearance in this matter, Meng will be sworn in and arraigned on the charges against her in the third superseding indictment, specifically Count Four (conspiracy to commit bank fraud), Count Six (conspiracy to commit wire fraud), Count Seven (bank fraud) and Count Nine (wire fraud). The government anticipates that Meng will enter a plea of not guilty to these charges.

Third, the government will move the Court, pursuant to 18 U.S.C. § 3161(h)(2), to exclude time under the Speedy Trial Act between the date of the court appearance on September 24, 2021 and December 1, 2022, pursuant to the terms of the DPA. See United States v. HSBC Bank USA, N.A., 863 F.3d 125, 138 (2d Cir. 2017) (Section "3161(h)(2) authorizes courts to determine that a DPA is bona fide before granting a speedy trial waiver—that is, that the DPA in question is genuinely intended to 'allow[] the defendant to demonstrate his good conduct,' § 3161(h)(2), and does not constitute a disguised effort to circumvent the speedy trial clock."). The government will set forth the terms of the DPA and respectfully submits that the DPA is "bona fide" because, among other reasons, it holds Meng accountable for her criminal conduct, including through her admissions of wrongdoing, and allows her to demonstrate good conduct during the period of deferral.

The government also will request that the Court inquire of Meng, under oath, and of defense counsel as to their understanding of the terms of the DPA and to Meng's knowing and voluntary agreement to enter into the DPA and to exclude time. In particular, the DPA contains a four-page agreed-upon Statement of Facts concerning Meng's conduct related to the charged offenses, including that Meng made statements to Financial Institution 1 in August 2013 that were untrue, that she knew those statements to be untrue, and that information Meng concealed through those untrue statements would have been material to Financial Institution 1. The government respectfully submits that the Court should ask Meng the following questions with respect to the Statement of Facts:

(1) Has the entire Statement of Facts been translated for you into Mandarin?
(2) Have you read the entire Statement of Facts in Mandarin?
(3) Have you reviewed the entire Statement of Facts with your U.S. legal counsel and asked any questions you might have?
(4) Have all of your questions about the Statement of Facts been answered?

  (5) Is every statement of fact set forth in the Statement of Facts true and accurate?
  (6) Do you disagree with any statement of fact set forth in the Statement of Facts?

  <u>Fourth</u>, the parties will recommend Meng's pre-trial release on a personal recognizance bond, subject to certain standard conditions of such release as detailed in the DPA.[1]

  At the conclusion of the proceeding, the government will file this letter and the DPA on the public docket.

           Respectfully submitted,

           NICOLE BOECKMANN
           Acting United States Attorney
           Acting Under Authority Conferred by 28 U.S.C. § 515

      By:   /s/ David K. Kessler
           Alexander A. Solomon
           Julia Nestor
           David K. Kessler
           Sarah M. Evans
           Meredith A. Arfa
           Assistant U.S. Attorneys

| | |
|---|---|
| DEBORAH L. CONNOR | JAY I. BRATT |
| Chief | Chief |
| Money Laundering and Asset Recovery Section | Counterintelligence and Export Control Section |
| Criminal Division, U.S. Department of Justice | National Security Division, U.S. DOJ |
| | |
| Laura M. Billings | Thea D. R. Kendler |
| Christian J. Nauvel | David Lim |
| Trial Attorneys | R. Elizabeth Abraham |
| | Trial Attorneys |

Encl.

cc: Michelle L. Levin, Esq. (counsel for Defendant Meng)

---

[1] The parties agree to waive an interview by pretrial services.