**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AAS
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

September 4, 2026

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Huawei Technologies Co., Ltd., et al.
Criminal Docket No. 18-457 (S-4) (AMD)

Dear Judge Donnelly:

Following extensive conferrals, including after today's conference, the parties jointly submit this letter to inform the Court of the following issues, the first three of which require the Court's prompt resolution. Specifically, the parties dispute:

1. Whether evidence regarding the circumstances of Huawei CFO Wanzhou Meng's agreement to the statement of facts—including that she entered the statement as part of a deferred prosecution agreement with the government—as well as context surrounding Huawei's alleged adoption of that statement are admissible;
2. Whether the government's first witness may testify that (a) Huawei's customer(s) in Iran were indirectly owned by the "Supreme Leader" of Iran, or other government officials, or (b) Zaeim is the "Ministry of Intelligence" of Iran;
3. Whether the government has an obligation under *Brady* and *Giglio* to obtain and disclose a Royal Canadian Mounted Police ("RCMP") recording of a witness interview conducted by members of the prosecution team at which the RCMP was present, which recording is not currently in the government's possession, before the witness's expected testimony in the second or third week of trial;
4. Whether the government may introduce documents redacted by third parties; and
5. Whether the exception for statements of defense witnesses "other than the defendant" in Rule 26.2 of the Federal Rules of Criminal Procedure includes

statements of a corporate defendant's employees that are attributable to the defendant.

While the parties remain mindful of the Court's limited resources, the parties respectfully submit these issues present complex questions of fact and law that, if left unresolved, would needlessly sidetrack proceedings. In particular, the issue of Ms. Meng's statement of facts is likely to come up during opening statements and therefore requires the Court's immediate attention. Additionally, the parties dispute whether the government has satisfied its obligations to obtain and produce the RCMP recording before a government witness is expected to testify near the beginning of the government's case at trial, as well as whether the government's first witness may testify about the alleged ownership structure of certain of Huawei's customers in Iran. Given the time sensitivity of these specific issues (which correspond to the first three issues listed above), the parties seek the Court's authorization to brief them before the first day of trial on Tuesday, September 8, 2026. The parties respectfully request that the Court set a schedule for resolving the remaining issues in the coming weeks.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: /s/
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Matthew F. Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor Stout
Morgan Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN J. NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Aaron Jennen
Trial Attorney

cc: Clerk of the Court (by ECF and Email)
Defense counsel of record (by Email)