**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

NJM:AAS
F. #2017R05903

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 17, 2026

By ECF

The Honorable Ann M. Donnelly
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Huawei Technologies Co., Ltd., et al.
Criminal Docket No. 18-457 (S-4) (AMD)

Dear Judge Donnelly:

As first detailed in the government's letter dated November 14, 2026, the Court should accept the government's proposed modified instruction consistent with *Reich v. Betancourt Lopez*, 858 F.3d 55 (2d Cir. 2017). The proposed instruction, reflecting agreed revisions in red font and the government's proposal in green, would read as follows:

> Second, the racketeering acts must have a "nexus" to the enterprise and the racketeering acts must be "related." A racketeering act has a "nexus" to the enterprise if it has a meaningful connection to the enterprise. To be "related," the racketeering acts cannot be merely isolated events. The racketeering acts must have the same or similar purposes, results, participants, victim, or methods of commission, or be otherwise interrelated by distinguishing characteristics. But predicate acts need not be linked in every way. Two racketeering acts may be "related" even though they are otherwise dissimilar or not apparently related to each other, as long as the racketeering acts bear some such similarities. ~~Two racketeering acts may be "related" even though they are dissimilar or not directly related to each other, as long as that the racketeering acts are related to the same enterprise. For example, for both "nexus" and "relatedness" purposes, the requisite relationship between the RICO enterprise and a predicate racketeering act may be established by evidence that the defendant was able to commit the racketeering act solely by virtue of its position in the enterprise or involvement in or control over its affairs, or by evidence that the defendant's position in the enterprise facilitated the commission of the racketeering act, or by evidence that the racketeering act benefitted the enterprise, or by evidence that the racketeering act was authorized by the enterprise or by evidence the racketeering act promoted or furthered the purposes of the enterprise.~~

In *Reich*, the Second Circuit held that, when an enterprise is primarily a legitimate business, linking each predicate act to the enterprise is insufficient to demonstrate horizontal relatedness. Citing the Supreme Court's decision in *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239 (1989), the *Reich* court instructed that, for an enterprise that is "primarily a legitimate business," courts must examine the relationship between the predicate crimes themselves to see if they have "similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 858 F.3d at 61. The *Reich* court qualified this instruction as follows: "But predicate acts need not be linked in every way." *Id.* at 62 (citing *United States v. Daidone*, 471 F.3d 371, 375 (2d Cir. 2006)). Indeed, according to the Second Circuit, the Supreme Court's list in *H.J. Inc.* serves "merely a guidepost":

> Daidone's reading of *H.J. Inc.* as delineating specific requirements for finding horizontal relatedness distinct from vertical relatedness simply creates an overly formal conception of this element, and Daidone pushes a far too constrained reading of the Supreme Court's language in *H.J. Inc.* We read the list for finding a criminal pattern discussed in that case to be merely a guidepost, a starting point for the relatedness inquiry as a *whole,* not a list of elements, each of which must be proven in order to establish a pattern of racketeering activity.

*Daidone*, 471 F.3d at 375 (emphasis in original).

Here, the first sentence of the government's proposed addition quotes directly from *Reich*'s teaching that ostensibly dissimilar racketeering acts may nonetheless be related horizontally: "But predicate acts need not be linked in every way." *Reich*, 858 F.3d at 61. The second sentence is modelled on *Daidone*'s admonishment that the list in *H.J. Inc.* is not to be applied mechanically but rather serves "merely a guidepost." After all, the Second Circuit has afforded the term "pattern of racketeering activity" a "generous reading." *United States v. Indelicato,* 865 F.2d 1370, 1373 (2d Cir.1989) (en banc).

While the government's closing argument addressed the list in *H.J. Inc.*, the government expects that the defense will argue during its closing argument that a mechanical application of the *H.J. Inc.* list militates against a finding of horizontal relatedness. For example, the racketeering activities pertaining to theft of intellectual property may not ostensibly appear related horizontally to that pertaining to financial fraud, even though they bear sufficient similarities, such as overlapping leadership, means, and overarching obstructive acts. *See Daidone*, 471 F.3d at 376 ("predicate crimes will share common goals (increasing and protecting the financial position of the enterprise)"). To preclude the jury from a rote application of the *H.J. Inc.* list, the Court should adopt the government's proposed addition.

* * * * *

Additionally, the government does not object to the proposed revision to the "Multiple Conspiracies" instruction as detailed in yesterday's emails from Nicholas Silverman, Esq.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: /s/
Alexander A. Solomon
Meredith A. Arfa
Robert Pollack
Matthew Skurnik
Matthew Sullivan
Assistant United States Attorneys
(718) 254-7000

MARGARET A. MOESER
Chief, Money Laundering, Narcotics and
Forfeiture Section,
Criminal Division,
U.S. Department of Justice

Taylor G. Stout
Morgan J. Cohen
Jasmin Salehi Fashami
Trial Attorneys

CHRISTIAN NAUVEL
Acting Chief, Counterintelligence and
Export Control Section,
National Security Division,
U.S. Department of Justice

Aaron L. Jennen
Trial Attorney

Enclosures

cc: Counsel for Defendants